IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| EDWARD DAY, on behalf of himself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | Civil Action No. |
| v. | **08 C 630** |
| BLITT AND GAINES, P.C., IDT CARMEL, INC., and JOHN DOE 1, | **JUDGE HIBBLER**<br>**MAGISTRATE JUDGE DENLOW**<br>**JURY TRIAL DEMANDED** |
| Defendants. | |

---

### CLASS ACTION COMPLAINT

**I.   INTRODUCTION**

1.      This action is brought by Plaintiff Edward Day, on behalf of himself and all others similarly situated, for statutory damages against Blitt & Gaines, P.C., IDT Carmel, Inc. and John Doe 1 for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.  JURISDICTION**

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

**III. PARTIES**

3.      Plaintiff Edward Day is an individual who resides in Des Plaines, Illinois, and is a

Page 1

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Blitt and Gaines, P.C. ("B&G") is a professional corporation and debt collector located at 661 Glenn Avenue, Wheeling, Illinois.

5. On January 14, 2008, B&G's website (http://www.collectalot.com/firm_profile.html) stated, "Blitt and Gaines, P.C. is a full service collection law firm established in 1991. We are devoted to providing our clients with a high level of client service in the areas of retail and commercial debt collection ... throughout the state of Illinois."

6. B&G is engaged in the collection of debts from Illinois consumers using the mail and telephone.

7. B&G regularly attempts to collect consumer debts alleged to be due to another.

8. B&G was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant IDT Carmel, Inc. (hereinafter referred to as "IDT") is a debt buyer, collection agency, and corporation organized under the laws of the state of Delaware with its principal office located at 520 Broad Street, Newark, New Jersey.

10. IDT is engaged in the collection of debts from Illinois consumers using the mail and telephone.

11. IDT regularly attempts to collect consumer debts alleged to be due to another.

12. IDT regularly purchases defaulted debts.

13. IDT regularly engaged the services of debt collectors to collect the defaulted debts purchased by IDT.

14. IDT was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant John Doe 1 is an attorney with, or employee of, B&G, who signed the August 27, 2007, letter from B&G to Plaintiff, as described below.

16. Upon information and belief, John Doe 1 is engaged in the collection of debts from Illinois consumers using the mail and telephone.

17. Upon information and belief, John Doe 1 regularly attempts to collect consumer debts alleged to be due to another.

18. Upon information and belief, John Doe 1 is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

IV. **FACTUAL ALLEGATIONS**

19. During 2004, Plaintiff Edward Day had a personal checking account with US Bank.

20. Mr. Day overdrew his checking account with US Bank, resulting in a balance owed to US Bank (hereinafter referred to as "the Debt").

21. On or about October 7, 2004, US Bank closed Mr. Day's checking account.

22. On or about March 28, 2007, US Bank sold the Debt, which had a balance of $904.58.

23. IDT purchased the Debt in or about March 2007.

24. IDT retained B&G to collect the Debt.

25. B&G obtained the Debt from IDT on or about August 24, 2007.

26. By correspondence dated August 27, 2007, B&G arranged for the preparation and transmittal of a letter to Mr. Day at his residence in an attempt to collect the Debt. B&G's August

27, 2007, letter to Mr. Day is attached hereto as <u>Exhibit A</u>.

    27.    <u>Exhibit A</u> contains:

> Dear Mr. Day:
>
> Please be advised that we have been retained by **US Bank** to collect their account in the amount above stated.
>
> \*\*\*
>
> Unless you dispute the validity of this debt or any part of it within thirty (30) days from the date of receipt of this letter, we will assume the debt is valid. If in that time you advise us of a dispute we will obtain verification and mail it to you.
>
> If you request of us in writing within thirty (30) days from the date of receipt of this letter, we will provide you with the name and address of the original creditor if different from the current creditor.
>
> \*\*\*
>
> Very truly yours,
>
> [illegible signature]
> _____
>
> **BLITT AND GAINES, P.C.**

(emphasis in original).

    28.    <u>Exhibit A</u> was the initial communication from B&G to Mr. Day regarding the Debt.

    29.    <u>Exhibit A</u> does not state that a request for verification must be made "in writing."

    30.    B&G was not retained by US Bank to collect the Debt.

    31.    B&G was retained by IDT to collect the Debt.

    32.    An employee of B&G signed <u>Exhibit A</u>.

33. An attorney with B&G signed <u>Exhibit A</u>.

34. B&G's actions are imputed to IDT.

35. The Debt was incurred for personal, family, or household purposes, *i.e.*, personal purchases drawn against Mr. Day's personal checking account.

## V. B&G'S POLICIES AND PRACTICES

36. It is the standard policy and practice of B&G to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

37. It is the standard policy and practice of B&G to fail to inform consumers, in the initial written communication, the name of the creditor to whom the debt is owed.

38. It is the standard policy and practice of B&G to fail to inform consumers that their request for verification of the alleged debt must be "in writing."

## VI. CLASS ALLEGATIONS

39. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from B&G in the form of <u>Exhibit A</u> (iii) to recover a debt to US Bank (iv) which were not returned undelivered by the United States Postal Service (v) during the period of time one-year prior to the filing of the Complaint in this matter through the date of class certification.

40. The class is so numerous that joinder of all members is impractical.

41. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendants violated the FDCPA by:

    A) failing to inform consumers of the name of the creditor to whom the debt

      is owed in violation of 15 U.S.C § 1692g(a)(2);

   B) failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4);

   C) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

42. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of B&G's records.

43. Plaintiff will fairly and adequately protect the interests of the class.

44. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

45. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether B&G's letter in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

46. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities

fraud.

## VII.     COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

48.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

49.     Defendants' violations of the FDCPA include, but are not limited to:

   A)     failing to inform consumers of the name of the creditor to whom the debt is owed in violation of 15 U.S.C § 1692g(a)(2);

   B)     failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4);

   C)     using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

50.     As a result of Defendants' violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

VIII.  **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Edward Day requests that judgment be entered in his favor and in favor of the class against Blitt and Gaines, P.C., IDT Carmel, Inc. and John Doe 1 for:

 A. Certification of this matter as a class action;

 B. Declaratory judgment that <u>Exhibit A</u> violates the FDCPA;

 C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

 D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

 E. For such other relief as the Court may find to be just and proper.

IX.  **JURY DEMAND**

Plaintiff Edward Day hereby demands that this case be tried before a Jury.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (FAX)

ATTORNEYS FOR PLAINTIFF EDWARD DAY

# EXHIBIT A

# BLITT AND GAINES, P.C.
*Attorneys at Law*

**661 Glenn Avenue * Wheeling *Illinois 60090 * 847 403-4900 * FAX 312 920-0625**

August 27, 2007

Edward E Day
1037 Charlela Lane Apt 310
Elk Grove Village, Illinois 60007

      Re:  US Bank
           Balance Due: $1,031.84
          Our File Number: 07-41351-0
          Client Number: 9002744720

Dear Mr. Day:

Please be advised that we have been retained by **US Bank** to collect their account in the amount above stated.

Please give this matter your prompt attention and direct full payment in the form of a certified check, cashier's check, or money order to the above address. If you wish to discuss an amicable payment arrangement, please contact us at the above phone number.

Unless you dispute the validity of this debt or any part of it within thirty (30) days from the date of receipt of this letter, we will assume the debt is valid. If in that time you advise us of a dispute we will obtain verification and mail it to you.

If you request of us in writing within thirty (30) days from the date of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

*[signature]*

**BLITT AND GAINES, P.C.**